UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )     CRIMINAL NO. 05-10018-RCL
          V.             )
                         )
ROBERT D. ARNOLD         )

## GOVERNMENT'S SENTENCING MEMORANDUM

The government hereby submits this sentencing memorandum in opposition to defendant Robert Arnold's ("Arnold") requests for departures and/or deviations from the advisory guideline range, and in support of the government's recommendation that this Court impose a sentence at the low-end of the career offender guideline sentencing range ("GSR"), that is, 151 months. Although the government will expand on its reasons for its recommended sentence in open court, it wishes to make a few brief comments at this time.

Although the calculated GSR in this case is only advisory, several guideline provisions support the government's position that no departure under the guidelines is appropriate in this case. First: "Drug or alcohol dependence or abuse is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. §5H1.4. Second: "Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. §5H1.12. Third: "[T]he court may not

depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence: (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or . . . " U.S.S.G. §5K2.13.

Additionally, Arnold's request that he not be treated like the career offender that his criminal record dictates should be rejected.  Arnold fits the classic model of a career offender. He has some serious prior convictions, including bank robbery convictions in both state and federal court, as well as less serious offenses that occurred regularly and repeatedly from his mid-teens to his arrest in this case.  Although there is undoubtedly an overlap between his mental health issues and his substance abuse, Arnold's record is all too typical of a long-time substance abuser and career offender.  In fact, although specific details differ among career offender bank robbers like Arnold, such persons tend to come from dysfunctional families, where physical and/or sexual abuse is not uncommon, have serious substance abuse problems starting in their mid-teens, and have a series of unsuccessful attempts at drug treatment throughout the long course of their repeated criminal activity.  In comparing

2

Arnold to other heroin addicted bank robbers, one is struck by the similarities among the entire group of such offenders. The only conclusion that can be drawn is that Arnold presents before this Court well within the heartland of such offenders, and should be sentenced accordingly.

Two other points that support the government's sentencing recommendation are also worth noting. In this case, Arnold did not only risk his own arrest and prosecution, but his conduct also resulted in the arrest and prosecution of 20-year old Kimberly Delsignore, a struggling and vulnerable young woman who now has, because of Arnold, a federal felony conviction. Finally, although Arnold downplays the seriousness of his conduct, the victim impact statement submitted to this Court by the victim teller in this case shows the real impact of a bank robbery, even when a weapon is not used.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
Assistant U.S. Attorney
(617) 748-3172

February 20, 2006

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the

3

foregoing upon counsel of record by electronic filing notice.

/s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
Assistant U.S. Attorney